UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Lane Politano,<br><br>        Petitioner,<br><br>v.<br><br>Federal Detainer et al,<br><br>        Respondents. | Civil No. 12-1530 (PAM/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court upon Jeffrey Lane Politano's (Petitioner) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and that this action be dismissed without prejudice.

      Petitioner filed an initial petition for writ of habeas corpus on June 26, 2012 along with an application to proceed in forma pauperis. (See Docket Nos. 1 and 2). On July 20, 2012, the Court issued an order directing Petitioner to file an entirely new petition because the Court could not determine, on the initial petition, whether Petitioner might be eligible for any habeas corpus relief. (See Order [Docket No. 5]). On July 31, 2012, Petitioner filed an amended petition. (See Docket No. 8). Subsequently, on August 31, 2012, the Court issued an order requiring the United States Parole Commission (Respondent) to respond to the Petition within "thirty days after the date of [the] order." (Order [Docket No. 10]). Respondent filed its response on October 1, 2012. (See Docket No. 11). On October 4, 2012, Petitioner filed a motion for summary

1

judgment, and on October 10, 2012, Petitioner filed his reply to Respondent's response. (See Docket Nos. 14-15).

I. BACKGROUND

At the time he filed his Amended Petition, Petitioner was confined in the St. Louis County Jail in Duluth, Minnesota based on a Driving While Intoxicated charge arising from an incident in Hibbing, Minnesota. (Am. Habeas Corpus Pet. [Docket No. 8] at 2). He provides that he "expects to be confined in a federal facility subsequent to the conclusion of his current D.W.I. charges." (Id. at 3). He further expects that he "will be picked up by U.S. Marshals and will languish in Federal (County) lock-ups until the U.S. Parole Commission attempts to ascertain proper due process." (Id.)

On May 18, 1978, Petitioner was sentenced by the Honorable Miles Lord to a term of three years as well as a "Special Parole Term of 15 years" for "having knowingly, intentionally and unlawfully distribut[ed] approx. five (5) grams of Brevital Sodium." (Id. at 2); (Decl. of Helen H. Krapels [Docket No. 12], Ex. 1 at 1, 11). Although Petitioner was released from custody at the expiration of his regular term, the United States Parole Commission has revoked his special parole term on five occasions. (Decl. of Helen H. Krapels, Ex. 1 at 19-32).[1]

Based on the special parole term, Petitioner provides that he now "ha[s] a Federal Detainer lodged against him by the U.S. Parole Commission . . . ." (Am. Habeas Corpus Pet. at 2).

---

[1] When a special parole term is revoked for violation of the conditions of release, the individual forfeits any time spent on special parole supervision, known as "street time." See Edwards v. Dewalt, 681 F.3d 780, 783 (6th Cir. 2012) ("Should a parolee violate the terms of his special parole, he forfeits credit for time spent in non-custodial supervision, colloquially referred to as 'street time.'").

**III. DISCUSSION**

Although Petitioner's Amended Petition provides more details than in his initial petition, it is still less than clear as to the exact relief Petitioner seeks from the Court and the basis for such relief; however, reading his submission liberally, in light of his pro se status, the Court understands that he asserts the following claims: 1) his original sentence imposed in 1978 by the Honorable Miles Lord should be modified or vacated; and 2) the United States Parole Commission is violating his due process rights by continuing to "hold Petitioner accountable to [the] 1978 sentence." (Am. Habeas Corpus Pet. [Docket No. 8] at 3).

The Court addresses each claim below.[2]

**A. Petitioner cannot challenge his sentence via the present § 2241 Petition**

Petitioner argues in the Amended Petition that his sentence should be modified or vacated for "the reasons originally addressed in [his] 2009, § 2255 filing." (See Am. Habeas Corpus Pet. [Docket No. 8] at 8-11).

---

[2] Petitioner also filed a motion for summary judgment, in which he argued that he is entitled to the relief he requests in the Amended Petition because Respondent failed to file a timely response. (Mot. for Summ. J. [Docket No. 14] at 2). The Court finds, however, that Respondent's responsive submission was timely. Federal Rule of Civil Procedure 6(a)(1) provides the method for computing deadlines for submissions to the Court:

> When the period is stated in days or a longer unit of time:
> **(A)** exclude the day of the event that triggers the period;
> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Here, the Court issued its Order requiring Respondent to respond within 30 days on August 31, 2012. (See Order [Docket No. 10]). Excluding the day of the Order, see Fed. R. Civ. P. 6(a)(1)(A), thirty days would have required Respondent to file the response on September 30, 2012. However, because September 30, 2012 was a Sunday, the response was not due until the following day: October 1, 2012. See Fed. R. Civ. P. 6(a)(1)(C). Respondent filed the response on October 1, 2012, and as such, the response was timely submitted. Therefore, the Court recommends that Petitioner's motion for summary judgment [Docket No. 14] be denied.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). "However, a federal prisoner can seek post-conviction relief under § 2241 under the 'savings clause' of § 2255, if the remedy provided by § 2255 is 'inadequate or ineffective.'" Silva v. Fisher, No. 12-1934 (ADM/AJB), 2012 WL 4794363, at *1 (D. Minn. Aug. 22, 2012) (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004)). "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill, 349 F.3d at 1091. "[A] § 2255 motion is not 'inadequate or ineffective' merely because: (1) § 2255 relief has already been denied, (2) the petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire." Id. (internal quotation marks omitted). "A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." Id. at 1092.

Petitioner has not met his burden of demonstrating that his remedy through § 2255 is inadequate or ineffective such that the Court should now consider his challenge to his sentence under this § 2241 Petition. On the record before the Court, and accepting his allegations in the Petition as true, Petitioner admits that he previously filed a § 2255 motion in 2009 (in which he asserts the U.S. Attorney answered and requested time to retrieve archived files) but asserts that, as of July 27, 2012, he has not received any further response. (See Am. Habeas Corpus Pet. at 4, 7). If Petitioner believes that he has not been provided with a full response or information that he requested in a previously filed motion, his remedy is to seek relief in that specific action—not

4

to file an additional habeas petition. If his 2009 § 2255 motion has already been decided and Petitioner is dissatisfied with the result, then his first step would be to consider whether any appeals remedies are still available. And as already noted above, Petitioner cannot challenge his sentence in a § 2241 petition, as he appears to now attempt, merely because he may have received an unfavorable ruling in the prior § 2255 motion. Because Petitioner unequivocally states that he has already presented these grounds for modifying or vacating his sentence to a competent court in a previously filed § 2255 motion that he maintains has already been responded to by an United States Attorney, the Court is unwilling to consider the merits of his arguments under § 2241 or construe his Amended Petition as one based on § 2255; his course of action is to pursue the previously filed motion to resolution before filing any consecutive § 2255 or § 2241 petition on the same grounds. This is particularly appropriate in light of the rule against successive § 2255 motions. See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); Nichols v. Symmes, 553 F.3d 647, 650 (8th Cir. 2009) (explaining that there are "stringent requirements needed to file a successive § 2255 petition.").[3] Therefore, at this time, the Court will not consider Petitioner's challenge to his sentence.[4]

---

[3] The Court is also disinclined to construe Petitioner's petition as a motion under § 2255 because it appears that such a motion, at this time, would be untimely under the applicable statute of limitations. See 28 U.S.C. § 2255(f); Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999) (explaining that "Section 2255 contains a one-year time limit for filing motions under that section" but that "[f]ederal defendants whose convictions became final before the enactment of the AEDPA have been given a one-year grace period from its effective date to file their § 2255 motions"); Jefferson v. Zych, No. 12-682 (JRT/JJG), 2012 WL 2395498, at *3 (D. Minn. Jun. 25, 2012) (declining to construe the petitioner's § 2241 habeas petition as a motion brought under § 2255 because the applicable one-year statute of limitations had expired).

[4] The Court notes, however, that contrary to Petitioner's argument that "[a]ny new law enacted since 1978 that would benefit [him] – should benefit [him]," it is well-established that a person convicted of an offense that was committed prior to November 1, 1987—as is the case here because Petitioner admits his sentence was imposed in May of 1978—cannot claim the benefit of the Sentencing Reform Act of 1987. See United States v. Stewart, 865 F.2d 115, 117-18 (7th Cir. 1988) (explaining that an "amendment was made in order to clarify definitively that the guidelines apply only to those defendants whose offenses were committed on or after November 1, 1987 and to avoid litigation challenging the Act on *ex post facto* grounds"); United States v. Rewald, 835 F.2d 215, 216 (9th Cir.

**B. Petitioner's claim that the U.S. Parole Commission has violated his due process fails**

Petitioner argues that the U.S. Parole Commission "no longer adhere[s] to the required 'due process' established by 21 U.S.C. 18" apparently because they have issued a warrant for his detainer. (Am. Habeas Corpus Pet. at 3).[5]

Respondent argues that "Petitioner is not being held unlawfully based upon a Parole Commission warrant that has been placed as a detainer at the local jail." (Gov't Response to Pet. [Docket No. 11] at 8). Rather, Respondent argues that "[Petitioner's] state charges are the source of his trouble, not the Commission's warrant." (Id. at 9).

"A § 2241 habeas petition challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Benny v. United States Parole Comm'n, 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. §2241(c)(3)). "This Court has subject matter jurisdiction [in a § 2241 petition] only if Petitioner was in federal custody at the time the petition was filed." Richards v. Holder, No. 10-

---

1987) (holding that "[t]he Sentencing Act of 1987 provides that the sentencing guidelines do not apply to conduct that occurred before November 1, 1987" and that "even if the statute were ambiguous as to retroactivity, the Savings Clause bars retroactive application of statutes where such application would extinguish a penalty"); United States v. Wilkins, 426 Fed. Appx. 443, 446 (6th Cir. 2011) ("[C]ourts that have considered the issue have concluded that defendants who committed offenses prior to November 1, 1987, and therefore were sentenced under the pre-Reform Act law, are ineligible for sentence reduction under § 3582(c) because that provision was not in effect for their sentence.")

[5] To the extent that Petitioner argues that he has not been afforded a proper revocation hearing in the past, absent any demonstrated showing of prejudice or bad faith (which Petitioner has not shown on the record before the Court) his proper remedy is a writ of mandamus, not a petition for writ of habeas corpus. See Mitchell v. United States Parole Comm'n, 538 F.3d 948, 951-52 (8th Cir. 2008) ("[T]he Commission's failure to conduct a timely early-termination hearing was merely a procedural error and did not render [the petitioner's] custody unlawful . . . [and] a writ of mandamus [was] the proper method to compel the Commission to hold a timely early-termination hearing and make a decision pursuant to section 4211(c)(1)."); Benny v. United States Parole Comm'n, 395 F.3d 977, 988-89 (9th Cir. 2002); Donn v. Baer, 828 F.2d 487, 491 (8th Cir. 1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 89 (2d Cir. 1986) ("Even assuming dispositional review was untimely, absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute."); Berg v. United States Parole Comm'n, 735 F.2d 378, 379 n.3 (9th Cir. 1984); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Sacasas v. Rison, 755 F.2d 1533, 1535-36 (11th Cir. 1985) ("the legislative history and existing case law make clear that the appropriate remedy for non-compliance by the Commission is a mandamus action to compel the required hearing.").

4128 (ADM/JJK), 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011).  28 U.S.C. § 2241 is the proper method for challenging actions taken by the United States Parole Commission when the petitioner is in federal custody.  See Benny, 295 F.3d at 988 ("We have held that a § 2241 habeas petition is generally the proper method for obtaining judicial review of parole decisions."); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (explaining that the petitioner's "attack on the execution of his sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition"); Bond v. United States Parole Comm'n, 271 Fed. Appx. 590 (9th Cir. 2008) (considering a § 2241 petition challenging a United States Parole Commission detainer); Heath v. United States Parole Comm'n, 788 F.2d 85, 91 (2d Cir. 1986).

The proper forum for a § 2241 habeas petition is the federal district in which the petitioner is confined at the time the petition is filed.  Hutchings, 835 F.2d at 187 ("[T]he district court lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located.").  However, as has been previously explained by numerous courts, the appropriate respondent in a § 2241 petition is the entity that has custody of the individual, which is usually the warden of the facility in which the petitioner is incarcerated.  See Glascoe v. United States Parole Comm'n, 2004 WL 2857284, at *1 (D.C. Cir. Dec. 13, 2004) (explaining that "the appropriate respondent in this case was the warden of the Ohio facility in which appellant was incarcerated when he filed his habeas petition" and that "[b]ecause the district court did not have personal jurisdiction over appellant's custodian, that court was not a proper forum for appellant's habeas petition"); Lawson v. United States Parole Comm'n, 2002 WL 1635291, at *1 (D.C. Cir. Jul. 23, 2002) (same); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) ("[F]or purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal

7

facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243 (1982)"); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's "custodian.""); Samirah v. O'Connell, 335 F.3d 545, 551-52 (7th Cir. 2003) (explaining that a petitioner "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian; otherwise, the district court would lack jurisdiction").

"In cases where habeas is used to challenge confinement, the proper respondent is the party which holds the petitioner in immediate physical custody." Richards, 2011 WL 1302263, at *2. Where the federal respondent does not have physical custody of the petitioner, the Court cannot provide relief, and the petition must be dismissed. Id.

Here, it is undisputed that Petitioner is not at the present time in federal custody—he is in custody at a state facility, on what he provides was a state court D.W.I. charge.[6] At present, Petitioner merely "expects to be confined in a federal facility subsequent to the conclusion of his current D.W.I. charges" and expects that he "will languish in federal . . . lock-ups until the U.S. Parole Commission attempts to ascertain proper due process." (Am. Habeas Corpus Pet. at 3). He provides that he "can only 'guess' as to how long he expects to be confined in the future."

---

[6] Petitioner represented that at the time he filed his Amended Petition, he was incarcerated in "St. Louis County Jail in Duluth, Minnesota." (Am. Habeas Corpus Pet. at 2). The most recent docket entry reflects that as of November 19, 2012, he was confined at a Minnesota correctional facility in St. Cloud, Minnesota. (See Notice of Change of Address [Docket No. 16]). While the District of Minnesota would be the proper district for him to file a petition challenging his underlying custody in the St. Louis County Jail, Petitioner has not named the warden of the St. Louis County Jail as a respondent, and it does not appear that Petitioner is in any way challenging the validity of the state court charges or his detention in the state facility pursuant to those charges. As such, the Court has no jurisdiction to direct Petitioner's release from St. Louis County Jail. Moreover, where a petitioner is "challenging state, not federal, custody the appropriate remedy is provided by 28 U.S.C. § 2254," not a § 2241 petition. Richards, 2011 WL 1302263, at *2.

8

(Id. at 4). The Court finds that Petitioner's challenge to the detainer issued by the United States Parole Commission is premature.

The Parole Commission admits that it issued a warrant to take Petitioner into custody. (See Gov't Response to Pet. [Docket No. 11] at 3); (Decl. of Helen H. Krapels, Ex. 1 at 36-41). However, the letter enclosed with the warrant specifically states that "[i]f [Petitioner] is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission." (Decl. of Helen H. Krapels, Ex. 1 at 41). Because at the time Petitioner filed his Amended Petition he himself stated that he was confined at the St. Louis County Jail, it appears on the record before the Court that the warrant issued by the Parole Commission has not yet been executed. See Hopper v. United States Parole Comm'n, 702 F.2d 842, 848 (9th Cir. 1983) ("A warrant is not considered 'executed' where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody . . . [and] the warrant need not be executed until the intervening sentence has been served.").[7]

Where a detainer by the United States Parole Commission has not yet been executed, the individual is "not in the custody of the Parole Commission." Andrade v. United States Parole Comm'n, 52 F.3d 332 (9th Cir. 1995) (finding that the petitioner's argument that he was entitled to a revocation hearing was premature because his detainer had not yet been executed and he was not in the custody of the Parole Commission); Moody v. Daggett, 429 U.S. 78, 87 (1976) (holding that the "execution of the warrant and custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation" because "the loss of liberty

---

[7] If Petitioner is taken into federal custody based on the execution of the United States Parole Commission detainer that has been lodged against him, and Petitioner believes such custody to be improper, his relief at that time would be to file a § 2241 petition in the district in which he is then confined, naming the warden of the facility in which he is confined as the respondent. The Court also notes that the United States Parole Commission has represented in its response that it "will request an update on the status of the charges and will begin the process of reviewing its detainer." (Gov't Response to Pet at 10).

9

as a parole violator does not occur until the parolee is taken into custody under the warrant");
Heath, 788 F.2d at 91 ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant."); Donn v. Baer, 828 F.2d 487, 488-89 (8th Cir. 1987) ("A parole violator warrant is 'executed' when a federal officer takes the parolee and 'returns him to the custody of the Attorney General' . . . [and is what] triggers the Commission's 'constitutional duty' to provide a parolee with an adversary parole hearing and the due process protections applicable under Morrissey v. Brewer, 408 U.S. 471, 488, 92 S. Ct. 2593, 2603, 33 L.Ed.2d 484 (1972), which are codified in 18 U.S.C. § 4214."); see also Richards, 2011 WL 1302263, at *2 (explaining that "it has been settled law in the Eighth Circuit for over twenty years that an immigration detainer filed with state prison authorities is not equivalent to federal custody for habeas corpus purposes").

In Moody, the United States Supreme Court held that a petitioner "has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant." 429 U.S. at 87. The Supreme Court further explained that the petitioner's custody came from his later convictions—not the warrant or detainer for the alleged violation of his parole:

> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time. Though the gravity of petitioner's subsequent crimes places him under a cloud, issuance of the warrant was not a determination that petitioner's parole under his 1962 rape conviction will be revoked; the time at which the Commission must make that decision has not yet arrived. With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which Morrissey sought to protect.

Moody, 429 U.S. at 86-87. The same principle applies when the detainer is lodged with a state facility. See Heath, 788 F.2d at 90-91; Hicks v. United States Bd. of Paroles and Pardons, 550 F.2d 401, 403-04 (8th Cir. 1977).

Therefore, at this time, the Court finds that the as yet unexecuted warrant issued by the United States Parole Commission has no effect upon Petitioner's liberty interests precisely because it has not been executed, and therefore, his petition for writ of habeas corpus should be dismissed. See Roberts v. Myers, 2011 WL 2149978, at *2-3 (D. S.C. May 27, 2011) (dismissing without prejudice the petitioner's § 2241 habeas petition asserting that his due process rights were violated by the lodging of a detainer by the United States Parole Commission).[8]

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Habeas Corpus Petition be denied;
2. This action be dismissed without prejudice;

---

[8] In his Amended Petition, Petitioner stated that he "hope[s] that this Honorable Court [will] appoint him an attorney should His Honor find it necessary." (Am. Habeas Corpus Pet. at 15). "A magistrate judge or district judge may appoint counsel for a habeas petitioner if 'the interests of justice so require.'" Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing 18 U.S.C. § 3006A(a)(2)(B)). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Id. "If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel." Id. Because the Court finds that the claims asserted by Petitioner in the Amended Petition are without merit at this time and should be dismissed for the reasons stated above, the Court finds that Petitioner is not entitled to the appointment of counsel. Even if Petitioner's claims could not be considered "frivolous" or "clearly without merit," the Court does not believe that the only claim it could consider in this petition is so factually or legally complex, or that Petitioner is unable to present his claim, such that the interests of justice require he be appointed counsel. See id. ("To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.").

**3.** Judgment be entered accordingly.


Dated: February 6, 2013 	s/Leo I. Brisbois
	LEO I. BRISBOIS
	United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 20, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.